**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LASZLO GASPAR, *et al.*,

        Plaintiffs,

vs.

SUPERSHUTTLE LAS VEGAS, LLC,

        Defendant.

2:15-cv-02149-APG-VCF

**ORDER**

      Order Granting Motion for Partial Rehearing (#36) and Denying, Without Prejudice, Equitable Tolling of the FSLA Statute of Limitations.

      Before the court is Plaintiff's Motion (#36) for Magistrate Judge to Reconsider Magistrate Judge Order #34. The same filing was also styled as an Objection (#35) to the same order. On February 26, 2016, an order (#37) was entered informing the parties that this filing would be treated as a motion for reconsideration by the Magistrate Judge, rather than an objection. A briefing schedule was set. Defendant filed a response (#38) and Plaintiffs filed a reply (#39).

      On January 6, 2016, the parties filed a Proposed Discovery Plan and Scheduling Order (#24). This filing contained the parties' conflicting positions on how discovery should proceed. The court set a hearing to resolve these conflicts. The hearing was held on January 28, 2016. The parties were able to resolve their differences, and a deadline of February 5, 2016, was set for the filing of a new discovery plan.

      On February 5, 2016, the parties filed a new Discovery Plan and Scheduling Order (#30), which was approved and entered as presented on February 8, 2016 (#33). This order requires "Phase One" Non-Expert Discovery limited to all issues relevant to the Motor Carrier Act exemption in this case. (#33, at 2). September 15, 2016, is the date by which Phase One discovery must be completed (id.). Depending

on the facts established during Phase one, the parties will file motions or seek guidance from the court on how discovery should proceed beyond Phase One.

Consistent with this Discovery Plan and Scheduling Order, on February 10, 2016, the court entered and order (#34), denying without prejudice the then pending Motion for Circulation of Notice of Pendency of this Action (#18). This was a one page order. The only basis for denying the motion was the intervening entry of a stipulated discovery plan and scheduling order that allowed for discovery limited to the applicability of the Motor Carrier Act exemption in this case, and a possible summary judgment motion by defendants based on this exemption, before the Motion for Circulation would be decided.

The court did not address Plaintiff's request for equitable tolling of the FSLA statute of limitations. In these circumstances, it is appropriate to grant reconsideration of this request for tolling which was raised in the Motion for Circulation and fully briefed.

Having considered the arguments presented in the Motion for Reconsideration briefing and also the relevant portions of the Motion for Certification briefing, the court concludes that the issue of the tolling of the FSLA statute of limitations need not be decided at this time. Once Phase One discovery is completed, if the possible Motion for Summary Judgment by defendants based on the Motor Carrier Exemption is filed, Judge Gordon will decide whether or not the case can proceed. If no Motion for Summary Judgment is filed, or if resolution of a filed motion results in the case proceeding, the plaintiff can file a new Motion for Circulation of Notice of Pendency of this Action. As part of that motion they can renew their request for equitable tolling of the FSLA statute of limitations. Judge Gordon will then be in a position to decide this tolling issue with the benefit of a fully developed record resulting from Phase One discovery, and possibly a Motion for Summary Judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Magistrate Judge to Reconsider Magistrate Judge Order (#36) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' request for equitable tolling of the FSLA statute of limitations is DENIED WITHOUT PREJUDICE, to be renewed if appropriate, should plaintiffs file a new Motion for Circulation of Notice of Pendency of this Action.

DATED this 11th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE